DLD-277                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1991
_____

IN RE:  JEROME BLYDEN,
                                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to D.V.I. Crim. No. 3-09-cr-00020-002)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 9, 2016
Before:  CHAGARES, GREENAWAY, JR. and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 30, 2016)
_____

OPINION[*]
_____

PER CURIAM

    Jerome Blyden is serving a criminal sentence imposed by the District of the Virgin

Islands following his conviction of assault in aid of racketeering.  <u>See</u> <u>United States v.</u>

<u>Blyden</u>, 431 F. App'x 133 (3d Cir. 2011).  Blyden has since filed a virtually unceasing

series of motions and other documents with the District Court, including a motion for

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

relief from his sentence under 28 U.S.C. § 2255 and multiple motions to disqualify the District Judge. Contemporaneously herewith, we are denying a certificate of appealability to appeal the denial of Blyden's § 2255 motion and motion for reconsideration (C.A. Nos. 15-3544 & 16-1564), and we are affirming the denial of two of his motions for disqualification (C.A. Nos. 15-3545 & 16-1563).

At issue here is a petition for a writ of mandamus in which Blyden seeks an order compelling the District Court to "resolve" some 39 motions and other filings. Mandamus is an extraordinary remedy that we have the discretion to grant only when the petitioner has a "clear and indisputable" right to relief and no other adequate means to obtain it. In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003). It is not a substitute for appeal. See id.

We will deny the petition. Among the motions and filings that Blyden asks us to order the District Court to "resolve" are 10 motions that the District Court already has denied, including Blyden's § 2255 motion at ECF No. 490 and his motion for disqualification at ECF No. 491. Blyden's petition is moot to that extent. Blyden's petition is moot to the further extent that he seeks "resolution" of filings that did not request any relief, such as his "notices" addressed to the Government's counsel at ECF Nos. 538, 540 and 542.

These documents aside, Blyden does seek resolution of a number of motions on which the District Court has not expressly ruled. As far as we can discern, however, all of these motions are ancillary to Blyden's § 2255 proceeding and request largely

2

duplicative forms of relief. Most of them predate the District Court's denial of Blyden's § 2255 motion, and all of them predate the District Court's denial of reconsideration. Thus, the District Court could be deemed to have denied all of these motions sub silentio by finally resolving Blyden's § 2255 proceeding. Regardless, the District Court's denial of or failure to resolve these motions would constitute grounds to challenge the final order in that proceeding on appeal. Blyden did not raise this issue in his related appeals, and he has raised no argument on the merits of these motions in his mandamus petition. Thus, although we have considered this mandamus petition together with Blyden's appeals, this petition does not supplement those appeals in any meaningful way. Blyden does not otherwise argue that the extraordinary remedy of mandamus is warranted in this case, and we are satisfied that it is not.

For these reasons, Blyden's mandamus petition will be denied.